UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTNEY CORDELL CRENSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-247-J |
| ) | |
| KEVIN STITT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, a state prisoner appearing pro se, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. This matter was referred to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636(b)(1)(B). [Doc. No. 4]. Thereafter, Judge Green issued a Report and Recommendation recommending the Court dismiss without prejudice Plaintiff's Complaint as a request for habeas relief and dismiss as moot Plaintiff's pending Application for Leave to Proceed *In Forma Pauperis*. [Doc. No. 5]. Plaintiff has filed an Objection to the Report and Recommendation which triggers de novo review. [Doc. No. 6].

In his Complaint, Plaintiff alleges two 42 U.S.C. § 1983 claims. In his first claim, Plaintiff asserts that he was denied due process and equal protection of the law in violation of the Fourteenth Amendment and requests that Defendants be required to conduct a hearing in which he may demonstrate that under the law at the time of his trial, he would not have been certified as an adult. In his second claim, Plaintiff asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and requests a personal interview with the Pardon and Parole Board to consider his rehabilitative efforts.

In the Report and Recommendation, Judge Green finds that Plaintiff is seeking both to invalidate his conviction by challenging its constitutionality and to hasten or effectuate his release

from custody by requesting a meeting with the Pardon and Parole Board. Judge Green concludes that this relief is not available in a 42 U.S.C. § 1983 action and that these claims should be dismissed without prejudice to refiling as a separate action under 28 U.S.C. § 2254 or § 2241, if appropriate. In his objection, Plaintiff asserts that these claims may be brought under § 1983 based upon *Reed v. Goertz*, 995 F.3d 425 (5th Cir. 2021), and *Thomas v. Stitt*, No. 21-6011, 2022 WL 289661 (10th Cir. Feb. 1, 2022).

Having reviewed the Report and Recommendation, Plaintiff's objection, and the case law cited, the Court concludes that Plaintiff's first claim seeks relief that is unavailable in a § 1983 action. The claim asserted in the *Reed* case cited by Plaintiff is substantially different from Plaintiff's first claim. However, the Court concludes that Plaintiff's second claim seeks relief that is available through a § 1983 action. The claim asserted in *Thomas*, which the Tenth Circuit found stated a plausible claim for relief under § 1983, is substantially similar to Plaintiff's second claim.

Accordingly, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation [Doc. No. 5] as follows:

(1) The Court ADOPTS the Report and Recommendation as to Plaintiff's first claim and DISMISSES Plaintiff's first claim without prejudice as a request for habeas relief;

(2) The Court DECLINES TO ADOPT the Report and Recommendation as to Plaintiff's second claim; and

(3) The Court REFERS this case back to Judge Green for further proceedings.

IT IS SO ORDERED this 26th day of April, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE